IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ZALTON EDGAR BROOKS,

    Plaintiff,

vs.                                                                  CIVIL ACTION NO.: CV504-095

CORNELL CORRECTIONS
CORPORATION, INC.; THOMAS
JENKINS, Chief of Operations; DANNY
BENNETT, Deputy Warden; CALVIN
MORTON, Warden, and Correctional
Officer TELFORD,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate formerly incarcerated at D. Ray James Prison in Waycross, Georgia, filed a 42 U.S.C.A. § 1983 action. On August 26, 2005, Defendants Cornell Corporations, Inc., Bennett, and Morton ("Defendants") filed a Motion for Summary Judgment. (Doc. No. 48.) The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants had filed a Motion for Summary Judgment and that a response was to be filed by September 18, 2005. (Doc. No. 50.) That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

> 3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Cornell Corrections, Bennett, and Morton had notice that he feared for his life and safety while at D. Ray James Prison. Plaintiff alleges that his mother and sister made a number of calls to Cornell Corrections and to D. Ray James Prison informing these Defendants of his fear before the assault he allegedly suffered at the hands of Defendant Telford.[1] Plaintiff asserts that his allegations are sufficient to establish a "causal connection" under section 1983 and seeks to hold Defendants liable in their individual capacities.

Defendants assert that Plaintiff failed to exhaust his administrative remedies as mandated by 1997e (a) of the Prison Litigation Reform Act. Defendants also contend that Plaintiff's claims are based solely upon the doctrine of respondeat superior.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56©; Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern

---

[1] Defendant Telford is not a movant in this Motion for Summary Judgment.

2

Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Defendants Bennett and Morton

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the

3

alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendants Bennett and Morton contend that they did not participate in the alleged physical assault by Defendant Telford. Defendants Bennett and Morton assert that Plaintiff cannot establish a causal connection between their conduct as supervisors and the alleged physical assault on Plaintiff.

Plaintiff appears to assert his claims against Defendants Morton and Bennett, Warden and Deputy Warden respectively of D. Ray James Prison, based solely upon their supervisory positions. According to Defendant Morton's and Defendant Bennett's affidavits, both became aware of the alleged incident after its occurrence. (Doc. No. 48.) Both Defendants Bennett and Morton determined that Plaintiff's allegations, if true, would be clear violations of the prison policy. Id. Defendants Morton and Bennett stated that they were unaware of any history of widespread abuses in the prison. Id. Further, neither Defendant Bennett nor Defendant Morton were aware of Defendant Telford's drinking problems that might be the cause for this alleged incident. Id. After Defendant Telford failed a random drug and alcohol test, Defendant Morton terminated his employment at the prison. Id. Plaintiff has presented no evidence to support his allegations or refute the

4

affidavits presented by the movants. Accordingly, there is no genuine issue of material fact and summary judgment should be granted in favor of Defendants Morton and Bennett.

## II. Defendant Cornell Corrections Corporation, Inc.

Private contractors who run prisons act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Department of Social Serv. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 611 (1978). Congress did not intend to create liability under § 1983, unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Defendant Cornell Corrections Corporation, Inc. ("Cornell") contends that Plaintiff cannot establish a policy or custom that would have caused a violation of Plaintiff's constitutional rights.

Plaintiff appears to assert his claims against Defendant Cornell based solely on a theory of respondeat superior. Plaintiff has failed to allege any policy or custom instituted by Defendant Cornell and has not asserted facts to prove the existence of such a policy. Thus, there is no genuine issue of material fact as to Defendant Cornell's lack of participation in the alleged incident against Plaintiff. Summary judgment should be granted to that Defendant.

It is unnecessary to discuss the remaining grounds upon which Defendants have moved for summary judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Unopposed Motion for Summary Judgment by Defendants Bennett, Morton, and Cornell Correction Corporations, Inc. be **GRANTED**. Plaintiff's claims against Defendants Telford and Jenkins remain pending.

**SO REPORTED** and **RECOMMENDED**, this 17th day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)